UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | |
|---|---|---|
| Horacio Sequeira, | ) | Case No. 1:16-cv-25052-JEM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Republic of Nicaragua, City of Chinandega, Eduardo Jose Callejas Callejas, and Estrellita del Carmen Troz Martinez, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EDUARDO JOSE CALLEJAS CALLEJAS' MOTION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant Eduardo Jose Callejas Callejas ("Defendant Callejas"), by and through the undersigned attorney, hereby files his Motion in Opposition to Plaintiff's Motion for Leave to Amend the Complaint, and states as follows:

**INTRODUCTION**

The proposed Amended Complaint continues to be: (i) severely inadequate in regard to jurisdiction; (ii) incoherent in regard to the facts at issue; and (iii) and void of valid causes of action. As the other Defendants noted in their companion Motion in Opposition, nothing has been done to cure the factual mess and legal deficiencies identified by Magistrate Judge Goodman in his Omnibus Report and Recommendations [DE 45] on the Parties' motion to dismiss the original Complaint [DE 72]. Plaintiff's Motion for Leave must be denied.

In support of this Motion and in order to not belabor the point, Defendant Callejas adopts the factual and legal arguments set forth in the other Defendants' companion Motion in Opposition

[DE 72]. Defendant Callejas also re-adopts the allegations in his Motion to Dismiss the original Complaint [DE 16].

## ARGUMENTS AS TO COUNTS
## AGAINST DEFENDANT CALLEJAS PERSONALLY

1. Plaintiff's causes of action against Defendant Callejas all allegedly stem from the December 2008 breach of a non-existent lease agreement entered into between Plaintiff and Defendant Callejas in 2008. [DE 70-2, at ¶ 73, 122]. The 2008 lease agreement does not exist, and it was not attached to the Amended Complaint. As set forth in Defendant Callejas' Motion to Dismiss [DE 16] and reiterated *supra*, all of the causes of action against Defendant Callejas are statutorily time barred.

2. Count IV for breach of contract is time barred as it alleges that the breach occurred in December 2008, over nine (9) yeas ago. [DE 16, 70-2, at ¶ 122].

3. Count V alleging breach of implied covenant and good faith and fair dealing is time barred as the alleged breach purportedly occurred in 2008. [DE 16, 70-2, at ¶ 132].

4. Count VI alleging conversion is time barred as the alleged conversion purportedly took place in 2008. The Amended Complaint provides absolutely no facts, dates, information, or monetary values as to the claimed personal property, but it suggests that the personal property was taken in 2008 when Defendant Callejas purportedly breached the non-existent lease agreement. [DE 70-2, ¶ 135].

5. Count VII alleging unjust enrichment is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶ 145].

6. Count VIII alleging trespass is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶ 151].

7. Count IX alleging trespass to chattels is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶ 155].

8. Count X alleging intentional interference with prospective economic advantage and business relationship is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶¶ 159, 160].

9. Count XI alleging negligent interference with prospective economic advantage and business relationship is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶¶ 167, 168, 170].

10. Count XII alleging intentional infliction of emotional distress is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶ 177].

11. Count XIII alleging negligent infliction of emotional distress is time barred as it stems from the alleged 2008 breach of the non-existent lease agreement. [DE 70-2, ¶ 181].

## CONCLUSION

The Amended Complaint regurgitated the same ambiguous facts and deficient causes of action set forth in the original Complaint. Furthermore, as fully addressed by the other Defendants in their companion Motion in Opposition [DE 72], Plaintiff has done nothing to prove jurisdiction or to remedy the deficiencies outlined in Magistrate Judge Goodman's Report and Recommendation [DE 45].

Plaintiff is a vexatious litigant whose sole intent is to waste the time and resources of this Court and the Defendants. He should not be allowed to proceed with any causes of action against any of the Defendants, and his Motion for Leave should be denied.

Dated: February 16, 2018

Respectfully submitted,

MASE TINELLI MEBANE & BRIGGS, P.A.
*Attorneys for Defendant Callejas*
2601 S. Bayshore Drive, Suite 800
Miami, Florida 33133
T:  (305) 377-3770 | F:  (305) 377-0080

By: */s/ Gabriel J. Fernandez*
ANTHONY J. TINELLI
Florida Bar Number 959901
atinelli@maselaw.com
jthompson@maselaw.com
GABRIEL J. FERNANDEZ
Florida Bar Number 92374
gfernandez@maselaw.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 16th day of February 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that foregoing document is being served this day on Plaintiff and all counsel of record, in the manner specified in the Service List below, either via transmission of Electronic Filing generated by CM/ECF or in some other authorized manner to those parties who are not authorized to receive electronic Notices of Electronic Filing

/s/ Gabriel J. Fernandez
Gabriel J. Fernandez, Esq.

## SERVICE LIST

Horacio Sequeira
13280 Port Said Road C301
Opa-Locka, Florida 33054
soyhoracios@hotmail.com
centrolatinos@hotmail.com
*Pro Se Plaintiff*

Andrew Z. Schwartz *(admitted pro hac vice)*
Foley Hoag, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210
aschwartz@foleyhoag.com

Brian M. Silverio
Silverio & Hall
150 West Flagler Street, PH 2850
Miami, FL 33130
bsilverio@silveriohall.com