UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| Horacio Sequeira, | Case No. 1:16-cv-25052-JEM |
| Plaintiff, | |
| v. | |
| Republic of Nicaragua, City of Chinandega, Eduardo Jose Callejas Callejas, and Estrellita del Carmen Troz Martinez, | |
| Defendants. | |

**DEFENDANT EDUARDO JOSE CALLEJAS CALLEJAS' MOTION IN OPPOSITION TO PLAINTIFF'S COMPLAINT**

Defendant Eduardo Jose Callejas Callejas ("Defendant Callejas") by and through the undersigned attorney and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Motion to Dismiss Plaintiff's First Amended Complaint for Damages [DE 79] and states:

**INTRODUCTION**

Plaintiff's First Amended Complaint continues to be: (i) incoherent in regard to the facts at issue; and (ii) void of valid causes of action against Defendant Callejas. The lawsuit pertains to real property ("El Pital") and personal property that was allegedly taken from Plaintiff on two (2) separate dates. Specifically, the Complaint alleges that all the Defendants took unlawful ownership of El Pital and personal property in January 2008. The Complaint also alleges that Defendant Callejas breached a 2008 lease agreement for El Pital in December 2008. However, the 2008 lease agreement does not exist, and it was not attached to the Amended Complaint. Moreover,

regardless of which of the two (2) dates these alleged occurrences took place, all causes of action against Defendant Callejas are statutorily time barred.

## FACTS

1. Plaintiff's original Complaint was filed on December 6, 2016. [DE 1].

2. Plaintiff's Amended Complaint was filed on August 8, 2018. [DE 79]. The real property at issue ("El Pital") is located in Nicaragua. [DE 79 ¶ 12].

3. Plaintiff claims he owns "99.5%" of El Pital and his son owns "5%" of El Pital. [DE 79 ¶ 14]. However, Callejas has owned the property since 2005.

4. The crux of the Amended Complaint is that: (i) Defendant Callejas breached a 2008 lease agreement in December 2008; and (ii) that all the Defendants took illegal possession of El Pital and the personal property in January 2008 [Id. at ¶¶ 82, 122]. All causes of action against Defendant Callejas stem from these two (2) alleged events.

5. No lease agreement was signed, and no such agreement is attached to the First Amended Complaint.

## MEMORANDUM OF LAW

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). Under *Twombly* and *Iqbal*, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.

**I.      All Ten (10) Counts of the Complaint are barred by Florida's Statute of Limitations.**

It is axiomatic that a federal court sitting in diversity must apply state substantive law and federal procedural law. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 745, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *see also Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 2 1188 (1938). Florida's statute of limitations bar all of Plaintiff's causes of actions, including those that are otherwise legally defective or not recognized under Florida law, as further discussed *infra*.

   A.  Count 4 – Breach of Contract

Plaintiff claims Defendant Callejas breached a non-existent lease agreement in December 2008. [DE 79, at ¶ 122]. Even if such a contract existed and was attached to the Amended Complaint, this cause of action is barred by Fla. Stat. § 95.11(2)(b), which requires such a cause of action to be brought within five (5) years.

   B.  Count 5 – Brach of Implied Covenant of Good Faith and Fair Dealing

"A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.,* 420 F.3d 1146, 1151 (11th Cir.2005); *see also McLean v. GMAC Mortg. Corp.,* No. 06-22795-CIV, 2008 WL 1956285, at *1 (S.D. Fla. May 2, 2008). Count 5 is a legal action on a contract, and it is time barred by Fla. Stat. § 95.11(b), which imposes a five (5) year statute of limitation for legal actions on a contract. § 95.11(b), Fla. Stat. (2016). As such, Count 5 must be dismissed with prejudice.

   C.  Count 6 – Conversion

Count 6 contains absolutely no allegations against Defendant Callejas to set forth a cause of action for conversion. In any event, this cause of action has a seven (7) year statute of limitation, as set forth in Fla. Stat. § 95.12, and the portion of Count 6 relating to the taking of personal

property is barred by the four (4) year statute of limitation set forth in Fla. Stat. §§ 95.11(3)(h), 95.11(3)(i). As such, Count 6 must be dismissed with prejudice.

    D.  Count 7 – Unjust Enrichment

Count 7 alleges that Defendant Callejas unjustly benefited from the alleged taking of the property in January 2008. There is a four-year statute of limitations for an action for unjust enrichment. § 95.11, Fla. Stat. (2016); *Merle Wood & Assocs. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013). As such, Count 7 must be dismissed with prejudice.

    E.  Count 8 - Trespass to Land

Under Florida law, civil trespass is "an unauthorized entry onto another's property." *HControl Holdings, LLC v. Bright House Networks, LLC*, No. 8:13-CV-39-T-EAJ, 2014 WL 12573984, at *2 (M.D. Fla. July 22, 2014) (*citing Jacobini v. JP Morgan Chase, N.A.,* No. 6:11-cv-231-Orl-31GJK, 2012 WL 252437 (M.D. Fla. Jan. 26, 2012) (*quoting Pearson v. Ford Motor Co.*, 694 So.2d 61, 69 (Fla. 1st DCA 1997))). A cause of action for trespass is subject to a four (4) year statute of limitations. § 95.11(g), Fla. Stat. (2016). As such, Count 8 must be dismissed with prejudice.

    F.  Count 9 - Trespass to Land

Count 9 claims that 2008 taking of his personal property constitutes a trespass to chattels. Count 9 is a disguised action for taking, detaining, or injuring personal property, which has a four (4) year statute of limitations. § 95.11(h), Fla. Stat. (2016); *see also Bloom v. Miami-Dade Cty.*, No. 06-21879-CIV, 2010 WL 9499082, at *1 (S.D. Fla. Mar. 19, 2010), *aff'd sub nom. Bloom v. Alvereze*, 498 F. App'x 867 (11th Cir. 2012). As such, Count 9 must be dismissed with prejudice.

G. Count 10 - Intentional Interference with Prospected Economic Advantage and Business Relationship

Under Florida law, a cause of action for tortious interference with business relationships has a statute of limitations of four (4) years. Fla. Stat. § 95.11(3)(p). *MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*, No. 07-61624-CIV, 2009 WL 701003, at *2 (S.D. Fla. Mar. 16, 2009); *see also* § 95.11(3)(p), Fla. Stat. (2016). Count 10 is time barred and must be dismissed with prejudice.

H. Count 11 - Negligent Interference with Prospected Economic Advantage and Business Relationship

As discussed *supra*, a cause of action for tortious interference with business relationships has a statute of limitations of four (4) years. Fla. Stat. § 95.11(3)(p). *MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*, No. 07-61624-CIV, 2009 WL 701003, at *2 (S.D. Fla. Mar. 16, 2009); *see also* § 95.11(3)(p), Fla. Stat. (2016). As such, Count 11 is barred and must be dismissed with prejudice.

I. Count 12 and 13 – Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

The cause of action for intentional infliction of emotional distress is barred by the four (4) year statute of limitations set forth in Fla. Stat. § 95.11(o), pertaining to intentional torts. § 95.11(o), Fla. Stat. (2016). The cause of action for negligent infliction of emotional distress is barred by the four (4) year statute of limitations set forth in Fla. Stat. § 95.11(3)(a), pertaining to negligence-based torts. § 95.11(3)(a), Fla. Stat. (2016). As such, Counts 12 and 13 must be dismissed with prejudice.

Dated:  August 22, 2018

Respectfully submitted,

**TINELLI FERNANDEZ, PLLC**
2222 Ponce de Leon Blvd., Suite 300
Coral Gables, Florida 33134
Telephone      (305) 735-3800
Facsimile       (305) 370-6750

By:     */s/ Gabriel J. Fernandez*
         **ANTHONY J. TINELLI**
         Florida Bar Number 959901
         Tinelli@Tinellilaw.com
         Thompson@Tinellilaw.com
         **GABRIEL J. FERNANDEZ**
         Florida Bar Number 92374
         Fernandez@TinelliLaw.com
         Thompson@Tinellilaw.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 22nd day of August, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that foregoing document is being served this day on Plaintiff and all counsel of record, in the manner specified in the Service List below, either via transmission of Electronic Filing generated by CM/ECF or in some other authorized manner to those parties who are not authorized to receive electronic Notices of Electronic Filing

/s/ Gabriel J. Fernandez
Gabriel J. Fernandez, Esq.

## SERVICE LIST

Horacio Sequeira
13280 Port Said Road C301
Opa-Locka, Florida 33054
soyhoracios@hotmail.com
centrolatinos@hotmail.com
*Pro Se Plaintiff*

Andrew Z. Schwartz *(admitted pro hac vice)*
Foley Hoag, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210
aschwartz@foleyhoag.com

Brian M. Silverio
Silverio & Hall
150 West Flagler Street, PH 2850
Miami, FL 33130
bsilverio@silveriohall.com